**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | |
|---|---|
| **MELISSA R. NARY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No. 5:07-00319** |
| | ) |
| **MILLENNIUM PHARMACEUTICALS,** | ) |
| | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Motion to Proceed Without Prepayment of Fees. (Document No. 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B)(Document No. 3.) Having examined the Complaint and all further documents of record submitted by Plaintiff, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

## FACTUAL BACKGROUND

On May 18, 2007, Plaintiff, acting *pro se*, filed her Complaint naming Millennium Pharmaceuticals, a Delaware[2] corporation, as the Defendant. (Document No. 1.) Plaintiff alleges that

---

[1] Because Plaintiff is acting pro se, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Although Plaintiff alleges that Millennium is a Massachusetts corporation, Millennium's website includes a copy of the its Certificate of Incorporation from the State of Delaware.

Defendant terminated her employment on May 18, 2005, and failed to properly reimburse her for travel and entertainment expenses incurred during her employment. Plaintiff attaches as Exhibit A an itemized list of the expenses, which includes costs for postage, cell phone, office supplies, copies, lunches, press, car washes and parking. (Document No. 1-2, Exhibit A.) The expenses total $2,724.65. (Id.) Plaintiff contends that she "made repeated attempts for a period of two years to be reimbursed for expenses that were incurred during her employment" and Defendant "has ignored these attempts." (Document No. 1, p. 1.) Plaintiff acknowledges that Defendant offered "to reimburse only $515.85 out of the $2,724.65 that had been submitted." (Id., p. 3.) Plaintiff states that she "refused to accept the offer made on behalf of the Defendant Millennium Pharmaceuticals." (Id.) Therefore, Plaintiff seeks damages in the amount of $2,724.65. (Id.)

## ANALYSIS

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C.

2

§1332(a)(1).[3]

In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. Further, Plaintiff's Complaint does not appear to involve any question of "federal law" as to invoke jurisdiction under Section 1331. Plaintiff appears to contend that the District Court has diversity jurisdiction pursuant to Section 1332. Section 1332 requires complete diversity of citizenship between the adverse parties. See Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id. "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F.Supp. 82, 85 (N.D.W.Va. 1995). For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any State where it has been incorporated and where it has its principal place of business. 28 U.S.C. §1332(c). With respect to individuals, citizenship has been equated to the place of domicile. See Linville v. Price, 572 F.Supp. 345 (D.C.W.Va. 1983).

---

[3] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Plaintiff alleges that Defendant is incorporated in Delaware and has its principal place of business in Massachusetts. Additionally, Plaintiff states that her place of domicile is West Virginia. Therefore, Plaintiff properly alleges that the parties are citizens of different states. Plaintiff, however, fails to allege that the amount in controversy exceeds $75,000. Specifically, Plaintiff requests damages in the amount of $2,724.65, well below the amount required for federal jurisdiction. Accordingly, the District Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 2.), **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

<u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

      The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

      Date: November 9, 2009.

R. Clarke VanDervort
United States Magistrate Judge